1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

ALISON A.,

11

Plaintiff,

12

v.

13

COMMISSIONER OF SOCIAL
SECURITY,

14

Defendant.

15

CASE NO. 3:22-CV-5580-DWC

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

16

17

18

19

20

21

22

23

24

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of
Defendant's denial of Plaintiff's application for a period of disability and disability insurance
benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local
Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate
Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ")
did not err in finding Plaintiff not disabled during the relevant period, that is from July 1, 2016
through Plaintiff's date last insured of March 31, 2020. Thus, the Court affirms.

1      <u>FACTUAL AND PROCEDURAL HISTORY</u>

2          On October 28, 2015, Plaintiff filed for DIB, alleging disability as of September 20,

3   2014. *See* Dkt. 21; Administrative Record ("AR") 130, 151, 363. The application was denied

4   upon initial administrative review and on reconsideration. *See* AR 148, 175

5          ALJ Paul Gaughen held a hearing on May 12, 2020 and issued a decision on May 28,

6   2020, finding Plaintiff disabled from September 20, 2014 through June 30, 2016, with her

7   disability ending on July 1, 2016 because the records show Plaintiff had significantly recovered.

8   AR 12-40, 115-129. Plaintiff requested review of the ALJ's decision to the Appeals Council, but

9   the Appeals Council affirmed the ALJ's decision. AR 1692-97. Plaintiff filed a complaint in this

10  Court seeking judicial review of the ALJ's May 2020 decision, and this Court reversed the ALJ's

11  decision in July 2021 and remanded for further proceedings. AR 1698-1700, 1705-07. In its

12  order, this Court found the ALJ erred by failing to address probative evidence regarding

13  Plaintiff's recovery.

14         ALJ Allen Erickson held a hearing on remand on May 17, 2022, and issued a decision on

15  August 1, 2022, again finding Plaintiff disabled from September 20, 2014 through June 30, 2016,

16  with her disability ending on July 1, 2016. AR 1589-1662. Plaintiff now seeks judicial review of

17  the ALJ's August 2022 decision.

18         In Plaintiff's Opening Brief, Plaintiff contends the ALJ erred (1) by failing to comply

19  with the Court's 2021 order, and (2) in evaluating the medical opinion evidence. Dkt. 21, p. 1.

20         <u>STANDARD OF REVIEW</u>

21         Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

22  social security benefits if the ALJ's findings are based on legal error or not supported by

23

24

1 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

2 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

3 | <u>DISCUSSION</u>

4 | **I.  Whether the ALJ Complied with the Court's Previous Order**

5 | Plaintiff contends the ALJ erred by failing to comply with the Court's 2021 order. Dkt.

6 | 21, pp. 13-14.

7 | In the ALJ's May 2020 decision, the ALJ found at step three that from September 20,

8 | 2014 through June 30, 2016, Plaintiff's impairments medically equaled Listing 1.02B of 20

9 | C.F.R. Part 404, Subpart P, Appendix 1 ("the Listing"),[1] which requires a showing of

10 | "involvement of one major peripheral joint in each upper extremity (i.e. shoulder, elbow, or

11 | wrist-hand), resulting in inability to perform fine and gross movements effectively . . ." AR 22. If

12 | a claimant's impairment meets or equals an impairment in the Listing, the claimant is considered

13 | disabled without further inquiry. *See Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20

14 | C.F.R. § 404.1520(d). The ALJ therefore concluded Plaintiff was under a disability from

15 | September 20, 2014 through June 30, 2016. AR 22. The ALJ also found that while Plaintiff's use

16 | of both of her upper extremities were limited through June 30, 2016, Plaintiff had fully recovered

17 | afterward. AR 22-23. The ALJ explained Plaintiff's treatment notes from July 2016 and onward

18 | "showed only mild strength deficits in her right upper extremity," and that by February 2017,

19 | Plaintiff had continued to demonstrate near-normal muscle strength. AR 26. Therefore, the ALJ

20 |

21 |

22 | [1] The current version of the Listing does not include Listing 1.02(B). *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. In May 2018, the Social Security Administration proposed to remove Listing 1.02 from the Listing. *See* Revised Medical Criteria for Evaluating Musculoskeletal Disorders, 83 Fed. Reg. 20646-01 (May 7, 2018). The agency did not finalize the proposed changes until December 2020, therefore at the time of the ALJ's May 2020 decision, the Listing still included Listing 1.02(B). *See* Revised Medical Criteria for Evaluating Musculoskeletal Disorders, 85 Fed. Reg. 78164-01 (Dec. 3, 2020).

23 |

24 |

determined Plaintiff's disability ended on July 1, 2016. AR 30. In its 2021 order, the Court found the ALJ's determination erroneous because Plaintiff's upper extremity strength was not necessarily indicative of recovery, considering she exhibited similar strength during her period of disability, as shown in her November 2014 treatment notes. AR 898, 1707. The Court also found Plaintiff's January and February 2017 treatment notes showing she had deltoid atrophy conflicted with the ALJ's finding, therefore the Court instructed the ALJ to "resolve the conflict between [Plaintiff's] muscle atrophy and near-normal muscle strength" on remand. *See* AR 1707 (citing AR 1062, 1507).

In the ALJ's current decision, the ALJ found Plaintiff's musculoskeletal impairments do not meet or medically equal any of the sections included in Listing 1.00, and therefore found Plaintiff not disabled pursuant to the Listing. *See* AR 1598. Throughout his decision, the ALJ also discussed how Plaintiff's upper extremity improved by July 1, 2016. AR 1598-1605. The ALJ's assessment of Plaintiff's record is supported by substantial evidence, and thus supports the ALJ's overall conclusion that Plaintiff's disability ended on July 1, 2016.

The ALJ first revisited Plaintiff's record prior to July 1, 2016 and found that her treatment notes indicate her right upper extremity had significantly more diminished strength, contrary to Plaintiff's assertion that she had near-normal muscle strength. AR 1599. The evidence cited by the ALJ shows Plaintiff had right upper extremity pain with numbness and weakness. AR 624, 629, 666, 674, 769. The ALJ also found Plaintiff's treatment notes around November 2014 showing near-normal muscle strength "not necessarily accurate or current" because their contents, namely Plaintiff's reported weight, "do not appear to change over the course of several years." AR 1603.

1    The ALJ then noted that shortly prior to July 1, 2016, Plaintiff reported feeling better

2  during her physical therapy appointments. AR 1600 (citing AR 814). The ALJ also noted

3  Plaintiff's physical exam findings from July 21, 2016 and onward revealed Plaintiff's upper

4  extremities were almost at full strength. *Id.* (citing AR 892-93 (overall assessment of muscle

5  strength and tone revealing at least "4/5" in both upper extremities) 1070 (Plaintiff's right arm

6  motor strength at "4-/5" and left arm motor strength at "5/5"), 1082-83 (same), 1259 (overall

7  assessment of muscle strength and tone revealing at least "4/5" in both upper extremities). The

8  ALJ also explained that while Plaintiff's January and February 2017 treatment notes do show she

9  had deltoid atrophy, the February 2017 treatment note specifically showed Plaintiff was found to

10  have almost full biceps flexion strength, intact brachial thoracic pinch, 5/5 pectoralis strength,

11  and full flexion of the fingers. AR 1600 (citing AR 1062).

12    The ALJ also highlighted Plaintiff's December 2017 shoulder exam, which revealed

13  "full, nontender range of motion" with no tenderness to palpation or signs of impingement. AR

14  1087. Plaintiff's extremity exam also showed her motor strength was "well-preserved to all

15  muscle groups of the bilateral upper and lower extremities," her muscle tone normal, and her

16  bilateral upper and lower extremities' range of motion "full and nontender" and "without

17  instability." AR 1087-89. The ALJ also pointed out that throughout the relevant period, Plaintiff

18  continued to report her pain was controlled with medication (AR 1600 (citing AR 1104, 1120,

19  1125, 1212, 1302, 1308, 1335)), and Plaintiff's records from 2018 concerned other impairments,

20  with no mention of her upper extremity symptoms. AR 1601 (citing AR 1393-99).

21    "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's

22  decision should be upheld." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Burch v.*

23  *Barnhart*, 400 F.3d 676, 679 (9th Cir.2005)). The ALJ's interpretation of Plaintiff's record—that

24

1   Plaintiff had diminished upper extremity strength during her period of disability that then

2   improved by July 1, 2016 and afterward—is a rational one and is supported by the record. More

3   importantly, as instructed by the Court, the ALJ resolved the conflict as to how Plaintiff could

4   simultaneously have deltoid atrophy and near-normal muscle strength. Accordingly, the Court

5   finds the ALJ did not err by failing to comply with the Court's 2021 order.

6   **II.  Whether the ALJ Erred in Evaluating Medical Evidence**

7   Plaintiff also appears to contend the ALJ erred by discounting the opinion of her treating

8   physician. Dkt. 21, p. 14-15. However, Plaintiff merely states the "ALJ needs to give a better

9   reason who [sic] discounting the treating physician's decision." *Id*. at 15. The Court will only

10  address arguments that are raised with "specificity." *Carmickle v. Comm'r of Soc. Sec. Admin.*,

11  533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328

12  F.3d 1145, 1164 (9th Cir. 2003)) (finding that the court need not address matters that are not

13  "'specifically and distinctly'" argued in the plaintiff's opening brief). Plaintiff fails to do so here.

14  First, Plaintiff fails to name her treating physician anywhere in her briefing. The Court assumes

15  Plaintiff is referring to Dr. David Rosenstein, but Plaintiff also does not argue which part of the

16  ALJ's assessment of Dr. Rosenstein's opinion is erroneous. Given the lack of specificity in

17  Plaintiff's argument, Plaintiff failed to demonstrate any harmful error on this issue. *See Bailey v.*

18  *Colvin*, 669 Fed. Appx. 839, 840 (9th Cir. 2016) (citing *Ludwig v. Astrue*, 681 F.3d 1047, 1054

19  (9th Cir. 2012)) (finding no error where the claimant did not "demonstrate prejudice from any

20  errors"). The Court therefore rejects Plaintiff's conclusory argument. *See Valentine v. Comm'r of*

21  *Soc. Sec. Admin.*, 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any invitation" to find error

22  where the claimant failed to explain how the ALJ harmfully erred).

23

24

1    To the extent Plaintiff is arguing the ALJ's decision to discount Dr. Rosenstein's opinion

2    is erroneous because the ALJ's rationale in his previous decision was previously found erroneous

3    by this Court, the Court notes the sole issue addressed in its 2021 order was the ALJ's finding

4    that Plaintiff did not meet Listing 1.02 during the relevant period. *See* AR 1705-77. The Court

5    made no findings about whether the ALJ erred in evaluating the medical opinion of Dr.

6    Rosenstein, or any of the medical sources included in Plaintiff's record.

7    **III.    Remedy**

8    Plaintiff requests the Court remand this matter for further administrative proceedings.

9    Dkt. 21, p. 15. But Plaintiff has failed to show any errors with the ALJ's findings. The ALJ

10   substantially complied with the Court's previous order by resolving the conflict between

11   Plaintiff's treatment notes, and the Court has found the ALJ's interpretation of Plaintiff's

12   improvement after June 30, 2016 rational and supported by the record. Further, Plaintiff has

13   failed to allege any errors with the ALJ's evaluation with the medical evidence. The Court,

14   therefore, denies Plaintiff's request and affirms the ALJ's decision finding Plaintiff not disabled

15   from July 1, 2016 through Plaintiff's date last insured of March 31, 2020.

16                                  CONCLUSION

17   Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded

18   Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed.

19   Dated this 24th day of April, 2023.

20

21

David W. Christel
Chief United States Magistrate Judge

22

23

24

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 7